MADDOX, Justice
(dissenting).
I must respectfully dissent from the majority’s holding, because I believe that the majority fails to review the judgment under the ore tenus standard, which I think is the proper standard of review in this case. I would affirm the judgment of the trial court.
The ore tenus rule is the principle that a trial, court’s findings of fact based on evidence presented orally will not be disturbed on appeal unless clearly erroneous or manifestly unjust and that every reasonable presumption will be indulged in favor of the court’s findings. Gulledge v. Frosty Land Foods Int’l, Inc., 414 So.2d 60 (Ala. 1982).
The trial court heard conflicting evidence concerning the nature of the timber contract in question. There was evidence that the 1988 contract was an extension of the 1967 contracts entered into by the testator, and the majority admits that the trial court did not err in holding that the 1967 contracts were tree-farming contracts. Why would proceeds from a contract entered into after a testator’s death be considered “corpus” when the proceeds from similar contracts entered into before his death were not?
It seems to me that the majority’s holding that the testator, in Item 2, part g, “expressly provided for the present situation” is incorrect. It seems to me that in that part the testator intended to provide flexibility to the trustee to sell part of the corpus of the estate if the trustee found it to be in “the interest of the trust.” The provisions of the clause are not as clear to me as they are to the majority. That is why I would allow the trial court to ascertain the testator’s true intent, based upon the conflicting evidence.
Although the contract may be interpreted as the majority states, I do not believe that the trial court’s findings of fact to the contrary were clearly erroneous or manifestly unjust; therefore, I dissent.